UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DONALD G. HUNTINGTON, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:19-cv-00192-JMS-MJD |
| WARDEN, | ) ) ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Donald G. Huntington for a writ of habeas corpus challenges a prison disciplinary proceeding identified as NCN 19-01-0058. For the reasons explained in this Entry, Mr. Huntington's habeas petition must be **denied**.

**A.  Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On January 29, 2019, Acting Supervisor Cole wrote a conduct report in case NCN 19-01-0058 charging Mr. Huntington with offense B-202, possession of a controlled substance. The conduct report states:

> On the above date and at the approximate time [1-28-19 at 9:30 a.m.] I, K. Cole, was separating legal from regular mail when I noticed a piece of legal mail for offender Huntington, Donald DOC 885774 02-116B from Public Defender of Indiana that was saturated and did not look like it had been sent from a court, judge or attorney. With my suspicions, I put gloves on and opened the piece of legal mail and there was a cut out by the staple with a baggie of what looks like a white substance in it. Turned over to R. Davis and later turned over to IA to be tested. It tested positive for Fentanyl. The offender was informed of this conduct.
> 1-29-19 Behavior is not related to MH symptoms.

Dkt. 7-1.

Photographs of the mail, the baggie found inside, and the test showing a positive result for Fentanyl were attached to the conduct report. Dkt. 7-3. Mr. Cole also prepared a corroborating incident report. Dkt. 7-4. Fentanyl is a Schedule II controlled substance. Dkt. 7-12.

Captain G. Nolan prepared a SIR Description in relation to case NCN 19-01-0058. Dkt. 7-2. The SIR Description states:

> On 1/28/2019 at approximately 1435 hours, Internal Affairs S. Joseph tested an unknown white powdery substance using the NARK II testing kit. The substance tested positive for Fentanyl and weighed 3.2 grams. The substance was intercepted by mail room staff member K. Cole. The mail was being sent to Offender Donald Huntington #885774 O-2, 116 (DOB: 8/12/65) who is on mail restriction for a previous incident.
>
> Offender Huntington 53-year old Caucasian male serving a 20-year sentence for Burglary out of Dearborn County. Offender Huntington was sentenced to the Department of Corrections on 8/18/97 and was transferred to New Castle Correctional Facility on 10/10/17 and is not affiliated with an STG organization.
>
> IDOC Operations Center was notified at 1516 hours. Warden K. Butts, Assistant Warden S. Fitch, Major R. Davis and Duty Officer E. Lowe were notified by email. The SIR was completed by Captain G. Nolan.

*Id*.

An email dated August 10, 2017, to the facility from Deputy Commissioner James Basinger clarified that offenders could receive conduct reports for contraband found in mail addressed to them. Dkt. 7-5.

On February 4, 2019, the screening officer notified Mr. Huntington of the charge of possession of a controlled substance and served him with a copy of the conduct report and the notice of disciplinary hearing "screening report." Dkt. 7-1; dkt. 7-6. Mr. Huntington pleaded not guilty. Dkt. 7-6. Mr. Huntington did not request any witnesses or evidence. *Id.*

Hearing officer Thompson held a hearing on February 6, 2019. Dkt. 7-8. According to the hearing report, Mr. Huntington pleaded not guilty and said "I don't have control what someone does on the street. I had nothing to do with that." *Id*. The hearing officer found Mr. Huntington guilty of offense B-202 based on the conduct report, Mr. Huntington's statement, the SIR description, the incident report, pictures of the evidence, and an email exchange. *Id*. Mr. Huntington received the following sanctions: a 30- day loss of phone and commissary privileges, $6.11 restitution charge for the drug testing kit, a 90-day loss of good-time credit, and a one-step demotion in credit class. *Id*.

Mr. Huntington's first-level appeal was denied on March 4, 2019. Dkt. 7-9. On the second-level appeal to the Final Reviewing Authority, the charge was modified to offense B-240/202, attempted possession of a controlled substance. Dkt. 7-10.

**C.     Analysis**

Mr. Huntington alleges that his due process rights were violated in the disciplinary proceeding. His claims are discerned as: (1) prison staff violated his First and Sixth Amendment rights because his mail was opened outside of his presence; (2) prison staff violated Indiana

Department of Correction (IDOC) policy by stating that Mr. Huntington possessed drugs when he claimed he did not; and (3) there was insufficient evidence to find Mr. Huntington guilty because he never received his legal mail and therefore he never possessed the controlled substance. Dkt. 1 at 2.

The respondent argues that the first claim is procedurally defaulted. Petitioners must exhaust their administrative remedies before seeking relief in disciplinary habeas corpus cases. 28 U.S.C. § 2254(b)(1)(A). Mr. Huntington did not argue in his appeals that his First and Sixth Amendment rights were violated. "Where a habeas petitioner has not exhausted a claim and complete exhaustion is no longer available, the claim is procedurally defaulted, but such default can be excused if he can demonstrate cause for the default and prejudice, or that the failure to consider his claims would constitute a miscarriage of justice." *Martin v. Zatecky,* 749 F. App'x 463, 464 (7th Cir. 2019). In addition to the fact that this is likely not a viable claim in this habeas action, Mr. Huntington has not demonstrated cause and prejudice. Therefore, this claim will not be discussed on the merits. *See Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

As to Mr. Huntington's second claim, relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged

departures from procedures outlined in the prison handbook that have no bearing on his right to due process."); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import – and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

Finally, Mr. Huntington argues that there was insufficient evidence to find him guilty. "Under *Hill*, 'the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'" *Donelson v. Pfister*, 811 F.3d 911, 916 (7th Cir. 2016)) (quoting *Hill*, 472 U.S. at 455-56)); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (same). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Offense B-202, Possession or Use of Controlled Substance, prohibits the "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code, possession of drug paraphernalia, possession/use of a synthetic drug, or drug lookalike." Dkt. 7-11 at 3. It is true that the controlled substance that was mailed to him was not delivered to him, the charge was modified on appeal to *attempted* possession. Offense B-240, the modified charge, prohibits "[a]ttempting to commit any Class B offense; aiding, commanding, inducing, counseling, procuring or conspiring with another person to commit any Class B offense." Dkt. 7-11 at 7. There was some evidence that Mr. Huntington attempted to possess the controlled substance because if the mail had not been intercepted in the mail room, he would have received it. It was reasonable for the hearing officer to infer, based on the fact that mail containing 3.2 grams

of Fentanyl was addressed to Mr. Huntington, that Mr. Huntington somehow aided or induced the mailer to send it to him. Just because the plan did not succeed does not mean that the attempt was not made.

Mr. Huntington was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Huntington's due process rights.

### D. Conclusion

For the above reasons, Mr. Huntington is not entitled to the relief he seeks. His petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/3/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DONALD G. HUNTINGTON
885774
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Natalie Faye Weiss
INDIANA ATTORNEY GENERAL
natalie.weiss@atg.in.gov